PEOPLE, PLAINTIFF AND APPELLEE, v. DÍAZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution for Violation of the Weights and Measures Act.

No. 1255.—Decided April 11, 1918.

WEIGHTS AND MEASURES — SHORT WEIGHT. — Selling or offering for sale bread weighing less than the amount marked on its label is unlawful and the fact that the shortage is caused by the lapse of time or other circumstances is immaterial, for it must be presumed that all of this was taken into consideration in determining the standard weight after allowing for shrinkage.

The facts are stated in the opinion.

*Mr. Carlos del Toro Fernández* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Appellant Joaquín Díaz was charged with violating the Weights and Measures Act of 1917 in that, through an agent, he sold loaves of bread labeled as weighing 225 grams whereas upon weighing twelve loaves it was found that instead of 2,700 grams they weighed only 2,450 grams, and that after deducting the ten grams allowed by the act for shortage, or 120 grams for the twelve loaves, the public was defrauded of 130 grams. It was also alleged that the loaves were sold at twelve cents. The defendant was convicted and sentenced to pay a fine, whereupon he took this appeal.

At the trial it was proved that the loaves of bread weighed and were labeled as alleged in the information, but the appellant contends that the judgment should be reversed because he proved that bread diminishes in weight in the oven and that although a greater weight is given to it before baking in order to offset such shrinkage, it is difficult to obtain the weight required by law, and, besides, that twelve hours after the bread is baked, as was the case with the bread referred to in the information, it has decreased in weight and still more twenty-four hours after it is taken from the oven.

Be this as it may, it is certain that the appellant's bread

did not contain the weight marked on the labels when it was offered for sale, thus violating section 2 of the act cited in the information, which. provides that all loaves of bread sold or offered for sale weighing more or less than one pound, or 453 grams, shall be plainly labeled with the correct weight. We must presume that when the Chief of the Bureau of Weights and Measures, in compliance with the powers conferred upon him by the act, fixed the variation as to weight he took into consideration the shrinkage caused by baking, etc., therefore we must hold any variance from the weight mar ed on the label, in excess of that allowed, to be unlawful.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.